IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TERRIE ADAMS (06) and
CRAIG BROOMBAUGH (10),

    Defendants.

Case No. 14-40005-DDC

**MEMORANDUM AND ORDER**

Mr. Broombaugh has two motions now pending before the court. First is Mr. Broombaugh's motion to preclude Dr. Jordan Trecki from testifying about the specific case studies he relied on when forming his opinions. Mr. Broombaugh raised this issue in court but outside the presence of the jury on February 24, 2017, and in his Notice of Authority (Doc. 1008) filed later that day. Ms. Adams joins this motion. Second is Mr. Broombaugh's Motion to Exclude Government's Demonstrative Exhibit No. 51D (Doc. 1009). For reasons explained below, the court grants in part and denies in part Mr. Boombaugh's Motions.

    **I.**    **Motion to Exclude Case Study Testimony**

Mr. Broombaugh asserts two arguments in favor of his motion to exclude Dr. Trecki's testimony about specific case studies. First, Mr. Broombaugh contends that the government failed to disclose that Dr. Trecki intended to rely on such case study evidence in forming his opinion. On this score, the court disagrees, as early as September 2015, both defendants argued that the court should exclude Dr. Trecki under Fed. R. Evid. 702 because he relied on unreliable information such as "user anecdotes and emergency room reports." Doc. 484 at 15. Defendant's

1

argument is consistent with a wide variety of references to such evidence in Dr. Trecki's "Rule 16 Summary of Expert Opinion and Bases." *See e.g.,* Dr. Trecki's "Rule 16 Summary of Expert Opinions and Bases," at 2 (referencing Brunt TM, Koeter MW, Niesink RJM, van der Brink W. 2012. Linking the pharmacological content of ecstasy tablets to the subjective experiences of drug users. Psychopharmacology, 220:651-762.)  The record shows that defendants understood Dr. Trecki relied, in part, on case studies.  Also, defendants have sustained no prejudice by the timing of these disclosures.

Second, Mr. Broombaugh argues that Dr. Trecki's reliance on the case studies is irrelevant under Fed. R. Evid. 401's relevancy standard.  And, Mr. Broombaugh argues that, even if relevant, the evidence should be excluded under Rule 403 because the evidence's prejudicial effect substantially outweighs its probative value.

The government contends that the evidence is relevant and admissible because the government must prove the substances listed in the indictment have a substantially similar "stimulant, depressant, or hallucinogenic effect on the central nervous system" as a schedule I or II controlled substance.  *See* 21 U.SC. § 802(32).  The government asserts that the case studies are relevant to the effects of the substances and, without the case studies, the government has no way to explain why Dr. Trecki has not tested these substances in humans.  Further, the government asserts the evidence is not so prejudicial that any prejudice outweighs the evidence's probative value and thus the court should not exclude it under Rule 403.

The Tenth Circuit has not ruled on this issue, but its decision in *United States v. Makkar*, 810 F.3d 1139, 1148, (10th Cir. 2015) gives the only glimpse how it might rule.  In *Makkar*, the defendants presented several arguments for reversal.  The court reversed the defendants' convictions because of an instructional error.  *Makkar*, 810 F.3d at 1148.  But, the court

identified defendants' other arguments for reversal, including that the "district court admitted unreliable and inflammatory testimony about the health effects of the incense." *Id.* Apparently, at trial, one government witness testified in front of the jury that the incense had killed his friend even though his friend was alive and well and scheduled to testify later in the day. *Id.* Judge Gorsuch, writing for the panel, noted that this argument "rais[ed] some potentially troubling questions in [its] own right." *Id.* But, the Circuit court declined to rule on this issue because "the additional putative errors" defendants complained of would not "necessarily recur." *Id.*

In his Notice, Mr. Broombaugh also directs the court to a ruling from the Northern District of Texas in 2014. *See* Doc. 1008 at 3. In that Texas case, Judge Boyle granted the defendant's motion to exclude Dr. Trecki's testimony "about any alleged injuries, hospitalizations or deaths resulting from the consumption of any of the chemicals" at issue in the case. Doc. 1008 at 3. The court determined that there "might be some highly inflammatory, prejudicial testimony about overdoses" that warranted exclusion under Rule 403. Doc. 534 in *United States v. Bays*, No. 3:13-cr-357-B, "Transcript of Proceedings [of] Pretrial Conference (N. D. Tex. Oct. 10, 2014) (submitted as Doc. 1008-1 in this case). The court granted the motion, but ruled that government's counsel could approach the bench with a proffer of evidence about specific reports during the presentation of evidence. The court decided that it would rule at that time whether evidence about specific reports might be more prejudicial than probative. Doc. 1008-1 at 6 – 7.

The court does not doubt that case studies at issue here are relevant under the forgiving standard set by Rule 401—after all, evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence." Instead, the "troubling question" identified by the Tenth Circuit is whether information about the dangerous effects of the

substances, which are apparently discussed in the case reports, present a danger of unfair prejudice that outweighs the evidence's probative value.

The court already has explained on the record on February 24, 2017, that if Dr. Trecki is permitted to testify about adverse effects of substances at issue in this case, his testimony must be tied to either the "stimulant, hallucinogenic, or depressant effect" required by § 802(32) to one of the alleged analogues at issue in this case. For unexplained reasons, defendant's Notice of Authority (Doc. 1008) tries to confine the potentially relevant effects to hallucinogenic ones. Doc. 1008 at 5. This is not consistent with the reach of the statute or the court's intention.

Balancing the guidance provided by *Makkar* and Judge Boyle's ruling in *Bay*, the court rules as follows:

1. On proper foundation and showing of requisite liability, Dr. Trecki may explain that he relied on case studies if they reflect:

    a. a stimulant, hallucinogenic, or depressant effect; and

    b. it is derived from an analogue substance at issue in this case.

2. Dr. Trecki may not testify about inflammatory testimony of the health effects of analogue substances except for ones that reflect a stimulating, hallucinogenic, or depressing effect of such an analogue substance. In contrast, he may not testify that an alleged analogue caused death or some other medical outcomes.

3. Consistent with the approach taken by Judge Boyle in *Bay*, outside the jury, the government, if it wishes, may make a proffer or offer of proof of any evidence excluded by this Order. The court will consider the specific details of such offer and determine whether to reconsider its ruling.

Finally, the court notes that defendants have forecast an inclination to attack Dr. Trecki's explanation for the reason he conducted no human testing of analogue substances. If defendants make such an attack—whether by cross-examination or during presentation of their own evidence—they are warned: Such an attack on evidence likely will open the door for Dr. Trecki to justify his explanation by referencing specific health outcomes featured in the case studies.

## II.     Motion to Exclude Exhibit No. 51D

In keeping with the court's ruling explained above, the court grants in part and denies in part Mr. Broombaugh's Motion to Exclude Government's Demonstrative Exhibit No. 51D (Doc. 1009). The government's demonstrative exhibit—a PowerPoint apparently organizing Dr. Trecki's testimony— is admissible to the extent it lists the stimulating, hallucinogenic, or depressing effect of a substance involved in this trial. However, inflammatory information about adverse health outcomes will be inadmissible. If the government plans to use this exhibit as a demonstrative in front of the jury, it should be redacted to comply with this Order.

But, as explained above and consistent with the approach taken by Judge Boyle in *Bay*, the government, outside the jury's hearing, may make a proffer or offer of proof of portions of the exhibit excluded by this Order. The court will consider the specific details and determine whether to reconsider its ruling. And, as explained above, defendants will be deemed to have opened the door for evidence about the specific health outcomes, if, on cross-examination or otherwise, defendants present evidence about how Dr. Trecki's conclusions are not based on human testing.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendants' motion to limit Dr. Trecki's testimony is granted to the extent explained in this Order.

**IT IS FURTHER ORDERED THAT** defendant's Motion to Exclude Government's Demonstrative Exhibit No. 51D (Doc. 1009) is granted to the extent explained in this Order.

**IT IS SO ORDERED.**

**Dated this 27th day of February, 2017, at Topeka, Kansas.**

s/ Daniel D. Crabtree
**Daniel D. Crabtree**
**United States District Judge**
